## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| APPLIED FOOD SCIENCES, INC., | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| DAJOMI BRANDS, LLC, | § | |
| Defendant | § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Applied Food Sciences, Inc.. ("Plaintiff" or "Applied Food Sciences"), files this Original Complaint for patent infringement against Defendant Dajomi Brands, LLC (hereafter, "Defendant" or "Dajomi") and alleges as follows:

### PARTIES

1.      Plaintiff Applied Food Sciences is a corporation organized under the laws of the State of Texas and having its principal place of business at 1700 South Lamar Blvd, Suite 330, Austin, Texas 78704.

2.      Upon information and belief, Defendant Dajomi is a Texas limited liability company having a principal place of business at 13355 Noel Road, Ste. 1310; Dallas, Texas 75240.  Upon information and belief, Dajomi is authorized to do business in Texas and may be served with process by serving its registered agent, Joel Wishnick, 16525 Preston Trail Drive, Dallas, Texas  75248.

### JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331 and 1338(a).

586301

4.     Personal jurisdiction exists generally over the Defendant because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over the Defendant because of their conduct in making, using, selling, offering to sell, and/or importing infringing products within the State of Texas and within the Eastern District of Texas.

5.     Upon information and belief, products at issue are offered for sale on the Dajomi website at www.nohodrink.com to customers within the State of Texas and within the Eastern District of Texas, as well as at retail locations within the State of Texas and the Eastern District of Texas.

6.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

## PATENT INFRINGEMENT

7.     Plaintiff Applied Food Sciences repeats and realleges the allegations in paragraphs 1-6 as though fully set forth herein.

8.     Plaintiff Applied Food Sciences is the owner of all rights, title, and interest in and under United States Patent No. 7,662,863: "Therapeutic Agent for the Use in Reducing Alcohol Intoxication and Reducing or Eliminating the Negative Side Effects Associated with Alcohol Ingestion" ("the '863 Patent"), which duly and legally issued on February 16, 2010. A true and correct copy of the '863 Patent is attached hereto as **Exhibit A**.

9.     The '863 Patent is valid and enforceable.

10.    Plaintiff Applied Food Sciences has complied with the requirements of 35 U.S.C. § 287.

586301

11.    Upon information and belief, Defendant Dajomi has been and is infringing the '863 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products, the use of which falls within the scope of the claims of the '863 Patent, including but not limited to its "NOHO" drink product.

12.    By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products, the intended and/or actual use which falls within the scope of the claims of the '863 Patent, Defendant Dajomi has induced infringement of the '863 Patent under 35 U.S.C. § 271(b). The infringing products have no substantial non-infringing uses. Upon information and belief, Defendant Dajomi has indirectly infringed and continues to indirectly infringe the '863 Patent under 35 U.S.C. § 271(c) by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '863 patent.

13.    As a direct and proximate result of Defendant" acts of patent infringement, Applied Food Sciences has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

14.    Plaintiff Applied Food Sciences' ongoing business has suffered from the infringement of Defendant, and has lost and will continue to lose profits as a result of the Defendant" infringement.

15.    Plaintiff Applied Food Sciences has no adequate remedy at law against these acts of patent infringement. Unless Defendant are permanently enjoined from its unlawful and willful infringement of the '863 Patent, Plaintiff Applied Food Sciences will suffer irreparable harm.

586301

16.     Plaintiff Applied Food Sciences has incurred and will incur attorneys" fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff Applied Food Sciences is entitled to recover its reasonable and necessary fees and expenses.

## PRAYER FOR RELIEF

Plaintiff Applied Food Sciences respectfully requests that judgment be entered in its favor and against Defendant and the Court grant the following relief to Plaintiff Applied Food Sciences:

A.     Declare that the '863 Patent is valid and enforceable:

B.     Declare that Defendant has infringed the '863 Patent;

C.     Declare that Defendant's infringement was willful;

D.     Award damages to Plaintiff Applied Food Sciences to which it is entitled for patent infringement;

E.     Award damages to Plaintiff Applied Food Sciences to which it is entitled for its lost profits;

F.     Enter a preliminary and thereafter a permanent injunction against Defendant's direct infringement of the '863 Patent;

G.     Enter a preliminary and thereafter a permanent injunction against Defendant's active inducements of infringement and/or contributory infringements of the '863 Patent by others;

H.     Award Plaintiff Applied Food Sciences its expenses, costs, and attorneys" fees pursuant to 35 U.S.C. § 285;

586301

I.       Award Plaintiff Applied Food Sciences increased damages in an amount

not less that three times the amount of damages found by the jury or

assessed by this Court, for Defendant's willful infringement pursuant to 35

U.S.C. § 284;

J.       Award interest on Plaintiff Applied Food Sciences' damages; and

K.       Award such other relief as the Court deems just and proper.

## JURY DEMAND

In accordance with FED. R. CIv. P. 38 and 39, Plaintiff Applied Food Sciences asserts its

rights under the Seventh Amendment of the United States Constitution and demands a trial by

jury on all issues triable to a jury.

Respectfully Submitted,


By: ___/s/ David G. Henry_____
David G. Henry, Sr.
State Bar No. 09479355
Caroline C. Maxwell
State Bar No. 24055341
**PATTON BOGGS, LLP**
2000 McKinney Avenue, Suite 1700
Dallas, Texas  75201
(214) 758-1500
(214) 758-1550 (Facsimile)
dhenry@pattonboggs.com
cmaxwell@pattonboggs.com

Everett H. Sanderson
State Bar No. 17610520
MOORE LANDRY LLP
390 Park Street, Suite 500
Beaumont, Texas  77701
Telephone: (409) 835-3891
Facsimile: (409) 835-2707
Email: esanderson@moorelandrey.com

**ATTORNEYS FOR APPLIED FOOD
SCIENCES, INC.**

586301